UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEREK DICKEY,

    Plaintiff,

v.

WILDGOOSE & ASSOCIATES, INC., O'BRIEN RESOURCES INC., and TOM WILDGOOSE,

    Defendants.

Case No. C04-2224L

ORDER ON PLAINTIFF'S MOTION TO QUASH SUBPOENA

    This matter comes before the Court on the "Plaintiff's Motion to Quash Subpoena" (Dkt. # 10). Plaintiff Derek Dickey is suing defendants Wildgoose Associates, Inc. and O'Brien Resources Inc. for unpaid overtime hours under the Fair Labor Standards Act and Washington state law. Defendants operate a residential facility for clients with emotional and psychological needs, and have stipulated for the purpose of this action that they were plaintiff's "joint employers" for the period in question. Discovery was initially scheduled to be completed by February 5, 2006 (Dkt. # 6), and later was moved by stipulated motion to March 6, 2006 (Dkt. # 9). Plaintiff now seeks to quash a subpoena served after the latter deadline.

    Shortly after this action was filed in October, 2005, the parties agreed on the importance of phone records for the cellular telephone that Dickey was issued. According to Dickey's

ORDER ON PLAINTIFF'S
MOTION TO QUASH SUBPOENA - 1

1  testimony, as much as 80% of his alleged overtime hours were spent on this telephone, dealing
2  with problems at the facility.  When both parties apparently believed these records were lost,
3  Dickey asserted that they would have vindicated his claim to unpaid overtime hours from
4  defendants.  Fairchild Decl. Ex. A.  In November, 2005, the parties exchanged communications
5  that discussed the missing records and how best to retrieve them.

6       Defendant ultimately was able to produce an informal copy of the records for Dickey's
7  work cellular telephone and reviewed them with opposing counsel on February 21, 2006.  For
8  reasons unknown, defendant did not subpoena Verizon Wireless to obtain a copy of the records
9  that would be admissible in a federal court until March 9, 2006, six days after the extended
10 discovery deadline.  Plaintiff now seeks to quash defendant's subpoena, limit the use of the
11 records at trial, and order attorney's fees for the cost of drafting the instant motion.

12      The Federal Rules of Civil Procedure provide that "[a] schedule shall not be modified
13 except upon a showing of good cause."  Fed. R. Civ. P. 16(b).  "Rule 16(b)'s 'good cause'
14 standard primarily considers the diligence of the party seeking the amendment."  Johnson v.
15 Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  This differs from the analysis
16 of the amendment of a pleading under Rule 15, "which focuses on the bad faith of the party
17 seeking to interpose an amendment and the prejudice to the opposing party."  Id.

18      Although defendants fail to argue explicitly for good cause, the record adequately
19 establishes that they worked diligently to secure and disclose the relevant phone records.  In the
20 fall of 2005, the parties both indicated their interest in getting the records, but did not establish
21 which side would be responsible for getting them.  Defendants eventually uncovered the relevant
22 documents in February, 2006 and subsequently disclosed their existence and contents to
23 opposing counsel.  Defendants' only shortcoming was their failure to seek admissible copies of
24 the records prior to the close of discovery.

25      Defendants' oversight does not trigger concerns about abuse of the discovery process as
26 would a late disclosure or late request for discovery.  Through its subpoena, defendants simply

27
28 ORDER ON PLAINTIFF'S
   MOTION TO QUASH SUBPOENA - 2

request an admissible version of a document that it already had in its possession.  Moreover, plaintiff had an opportunity to view this document well before the discovery deadline, so no possible prejudice could arise from its re-production in a different form after the discovery deadline.[1]  Finally, it is clear that both parties agree as to the importance of these records to this action.

The parties are reminded that the federal rules were designed to foster cooperation.  See Fed. R. Civ. P. 26(f) Advisory Committee's Note (1980).  However, when it is necessary to come to the Court with a discovery dispute, the parties should frame their arguments in terms of the local and federal discovery rules, not in terms of foul play and gamesmanship.

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion to quash defendants' subpoena (Dkt # 10) is DENIED.

DATED this 17th day of April, 2006.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Robert S. Lasnik
　　　　　　　　　　　　　　　　　United States District Judge

---

[1] Because plaintiff might be prejudiced if he were not given the opportunity to depose the records custodian regarding how the records are produced, the Court hereby authorizes such discovery.

ORDER ON PLAINTIFF'S
MOTION TO QUASH SUBPOENA - 3